IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-261-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NATALIE BAKER LYNCH, ) | |
| ) | |
| Defendant. ) | |

On December 3, 2013, pursuant to a plea agreement, Natalie Baker Lynch ("Lynch") pleaded guilty to conspiracy to distribute and possession with intent to distribute 280 grams or more of cocaine base (crack), a quantity of cocaine, and a quantity of marijuana [D.E. 38, 40]. On May 19, 2014, the court held Lynch's sentencing hearing [D.E. 59]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 49]. See Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Lynch's total offense level to be 35, her criminal history category to be V, and her advisory guideline range to be 262 to 327 months' imprisonment. See [D.E. 62] 1. After granting the government's motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court varied down and sentenced Lynch to 132 months' imprisonment. See [D.E. 61]. Pursuant to the plea agreement, the court dismissed counts two through seven. See id.

On October 20, 2014, December 1, 2014, and February 16, 2016, Lynch moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, Amendment 750, and Amendment 782 to the Sentencing Guidelines [D.E. 66, 67, 78]. On September 2, 2015, the government responded in opposition [D.E. 74]. The government noted that Lynch's advisory guideline range was based on

a quantity of cocaine base (crack) subject to the highest offense level (38) on the amended drug quantity table. See id. at 2–3. Thus, the government argues that Lynch is not eligible for relief under Amendment 750 or 782. See, e.g., id.; United States v. Lee, No. 16-7311, 2017 WL 908220, at *1 (4th Cir. Mar. 7, 2017) (per curiam) (unpublished); United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016).

The court agrees. See PSR ¶¶ 9–10 (noting that Lynch was accountable for 98.59 kilograms of cocaine base (crack), 126.43 grams of cocaine, and 2.27 kilograms of marijuana). Thus, Lynch's motion for a sentence reduction is denied. See Lee, 2017 WL 908220, at *1; Peters, 843 F.3d at 575.

Alternatively, even if the court had discretion to reduce Lynch's sentence, it would not reduce her sentence.[1] The court finds that Lynch engaged in serious criminal behavior for a long period of time. See PSR ¶¶ 9–10. Moreover, Lynch is a recidivist, with convictions for possession of cocaine (two counts), possession of marijuana, and possession of schedule II controlled substances. See id. ¶¶ 15–19. Lynch also has performed poorly on supervision and has little work history. See id. ¶¶ 18–19, 36–41.

Having reviewed the entire record and all relevant policy statements, the court finds that Lynch received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Lynch's sentence would threaten public safety in light of her serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, if the court has discretion to reduce Lynch's sentence, the court denies Lynch's motion for reduction of

---

[1] See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); Mann, 709 F.3d at 306–07; United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).

2

sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Lynch's motions for reduction of sentence [D.E. 66, 67, 78].

SO ORDERED. This 6 day of June 2017.

JAMES C. DEVER III
Chief United States District Judge