IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-261-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NATALIE BAKER LYNCH, | ) | |
| | ) | |
| Defendant. | ) | |

On November 5, 2018, Natalie Baker Lynch ("Lynch" or "defendant") moved to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). See [D.E. 81]. On November 16, 2018, Lynch supplemented the motion [D.E. 82]. On June 7, 2019, the government responded in opposition and correctly explained why Lynch is not eligible for a sentence reduction [D.E. 88]. On September 16, 2019, Lynch filed an educational transcript and a certificate [D.E. 89]. Lynch's term of imprisonment was not based on a sentencing range that the Sentencing Commission subsequently lowered. See [D.E. 88] 2–4. Thus, the court denies Lynch's motion.

Alternatively, even if the court has discretion to reduce Lynch's sentence, it declines to do so. Cf. Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013);

United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). Lynch was a major cocaine base (crack) dealer for a long period of time. See PSR ¶¶ 9–10. Moreover, Lynch is a recidivist and has convictions for possession of cocaine (two counts), possession of marijuana (two counts), and possession of schedule II controlled substances. See PSR ¶¶ 15–21. Lynch also has performed poorly on supervision and essentially has no work history. See id. ¶¶ 16–19, 36–41. Nonetheless, Lynch has taken some positive steps while incarcerated on her federal sentence. See [D.E. 89]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Lynch received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Lynch's sentence would threaten public safety. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Lynch's motion for reduction of sentence. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Lynch's motion for a reduction in her sentence [D.E. 81] is DENIED.

SO ORDERED. This 11 day of February 2021.

JAMES C. DEVER III
United States District Judge